UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

          Plaintiff,

                    DECISION AND ORDER

                    05-CR-6161L

    v.

JOHN NICOLO, DAVID FINNMAN,
and CONSTANCE ROEDER,

          Defendants.
_____

   By order entered June 3, 2008 (Dkt. #313), the *Democrat & Chronicle* was allowed to intervene in this action to be heard concerning this Court's Order of May 20, 2008 restricting contact with jurors in this case. The *Democrat & Chronicle* seeks clarification and/or modification of that order.

   In *United States v. Thomas,* 116 F.3d 606 (2d Cir. 1997), Judge José Cabranes discussed at length the importance of safeguarding the secrecy of juror deliberations. In discussing this, he stated, in part:

> As a general rule, no one -- including the judge presiding at a trial -- has a "right to know" how a jury, or any individual juror, has deliberated or how a decision was reached by a jury or juror. The secrecy of deliberations is the cornerstone of the Modern Anglo-American jury system. . . . Indeed, courts and commentators alike recognize that the secrecy of deliberations is essential to the proper functioning of juries. It is well understood, for example, that disclosure of the substance of jury deliberations may undermine

>public confidence in the jury system, and poses a threat to adjudicatory finality.

116 F.3d at 618 (citations omitted).

Because the rule of secrecy is "fundamental to the effective operation of the jury system, Judge Cabranes noted that it was the "historic duty" of the trial judge to "safeguard the secrecy of the deliberative process that lies at the heart of our system of justice, even in the face of relentless, and sometimes inappropriate, demands by the news media and the public for post-verdict disclosure of what went on behind the closed door of the jury room." 116 F.3d at 619.

It was in that spirit that this Court entered its Order of May 20, 2008. The order prohibited "anyone from contacting jurors about the deliberations of the jury. Any contact with a juror about the deliberations of the jury, including that particular juror's deliberative process is prohibited." The order expressly applied to "**anyone**" without limitation.

The dangers of unchecked and unwarranted expeditions into the mind-set of deliberating jurors has often been chronicled. *See Thomas, supra; United States v. Schwartz,* 283 F.3d 76, 97 (2d Cir. 2002). The trial court has the obligation to limit such forays and this Court's order did precisely that, within the limitations of the First Amendment. *See United States v. Cleveland*, 128 F.3d 267, 269-70 (5th Cir. 1997) (postverdict order precluding jurors from being interviewed about jury deliberations absent special court order did not violate newspaper reporters' First Amendment rights to gather news, since it "applie[d] only to interviews with the jurors themselves," it "applie[d] only to 'deliberations of the jury' and not to the verdict itself," and "d[id] not purport to prevent jurors from speaking out on their own initiative").

I believe the Court's order was clear and succinct and was necessary based on the highly publicized nature of this case, to adequately protect that sanctity of jury deliberations, and to protect

jurors from being examined about their deliberative process.  In sum, I find the Court's May 20, 2008 Order to be clear and see no basis to modify or amend it.

    IT IS SO ORDERED.

                                        _____
                                        DAVID G. LARIMER
                                        United States District Judge

Dated: Rochester, New York
       July 29, 2008.