UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                                   DECISION AND ORDER

                                                                                   05-CR-6161L

                            V.

JOHN NICOLO, DAVID FINNMAN,
and CONSTANCE ROEDER,

                              Defendants.
_____

On May 20, 2008, a jury returned guilty verdicts against the defendants on multiple counts. The Court extended time for defendants to file post-trial motions, and they have done so. (Dkt. ## 320, 321, 322). The motions are in all respects denied.

First of all, many of the post-trial motions are mere repetitions of motions made before and during trial. For example, defendant Nicolo renews his motion for a change of venue based on publicity and for a delay in the trial because of health issues. The Court dealt with these motions at the beginning of trial and there is a full record on the matter.

The Court engaged in extensive *voir dire* over several days dealing with the issues of pretrial publicity and the Court believes that the process for selecting the jury was fair and the resulting jury proper. Nothing advanced now by defendant Nicolo suggests any basis for the Court to reconsider the prior denial of this motion.

Defendant Nicolo suggests that his health somehow disadvantaged him at the trial. This is without any basis in the record. As the Government notes, defendant Nicolo made no requests for any accommodations during the trial itself which was, for the most part, conducted on a modified schedule concluding proceedings at about 1:00 p.m. each day. Neither Nicolo nor his several lawyers raised these concerns during the trial.

Similarly, the motion for prejudicial joinder made by defendants Roeder and Finnman have also been fully briefed, argued and ruled upon prior to the trial. The Court has previously ruled that joinder was proper and the trial proceeded accordingly. There is no reason to take any action on this motion. The trial proceedings confirmed that joinder of these defendants in a single trial was entirely appropriate for the very reasons advanced by the Court prior to trial.

Defendant Nicolo challenges the sufficiency of the evidence and the decision of the Government to call Nicolo's former accountant, David Snyderwine. He also claims an alleged *Brady* violation based on the Government's failure to provide information that Snyderwine removed his name from a tax return filed by Nicolo.

There is no merit to any of these motions. The evidence against Nicolo was more than sufficient for a reasonable juror to find guilt beyond a reasonable doubt on all charges presented to the jury. There is no basis to grant the motion for a new trial based on the testimony of the witness Snyderwine. Snyderwine was certainly a relevant witness since he was the accountant for defendants Nicolo and Roeder. Snyderwine had suffered medial problems which to some extent affected his ability to recall certain items, but that fact disadvantaged the Government as much as it did the defense. Snyderwine was vigorously examined by both the Government and defense counsel, and

both sides garnered some support from that testimony. Such a situation, though, is not uncommon in trial and there is no basis here that warrants any relief.

Similarly, defendant Nicolo's so-called *Brady* violation is without merit. What Nicolo alleges as a *Brady* violation was apparently information on a document that defendant Nicolo himself provided to the Government. Like the Government, I fail to see how matters relating to such a document constitutes a *Brady* violation. Snyderwine was, of course, available to be interviewed prior to trial by the defense.

Both defendants Nicolo and Roeder object now, as they did at trial, to the prosecutor's comments in closing relative to the IRS' previous audit of the couple. In light of the defendants' openings and the nature of the proof, I find no error warranting the relief requested. This matter was raised at trial and was the subject of a extensive argument. Comments about a lack of proof are entirely appropriate, especially so in this case. The record is what it is, and I believe that the prosecutor's comments were not improper and, furthermore, in light of the amount of evidence, the strength of it, and the length of this trial, the comment at issue was hardly prejudicial.

Defendant Roeder challenges evidentiary rulings concerning admission of certain business records of Nicolo based on a stipulation between Nicolo, her husband, and the Government. The stipulation, effected apparently to obviate the need for a custodian to testify, was proper. In addition, several witnesses testified, including the accountant Snyderwine about Ms. Roeder's activities and identified her signature and handwriting on certain documents. The issues raised now were discussed at trial, the Court made its ruling, and I see no basis to modify or change that in the present context.

Defendant Finnman moves based on what he believes to be conflicts with the verdict form, and notes from the jury which he claims demonstrate the jurors lack of understanding concerning the Court's charge. I give short shrift to these motions, since they are based on pure speculation. The jury carefully filled out the verdict form and the fact that it made findings against Finnman as to some overt acts and not others is of no consequence. There is nothing inconsistent with that and, as the Government points out, the jury need only find one overt act to support a conspiracy charge.

Finnman also challenges the Court's instructions and claims that it gave undue emphasis to the verdict sheet. The record is to the contrary. The Court gave extensive instructions on the law of the case and did the same concerning the verdict sheet. The Court dealt with and ruled on the matters raised by counsel concerning both the instructions and the verdict sheet. There is no error warranting relief here.

CONCLUSION

The post-trial motions (Dkt. ## 320, 321, 322) are in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 6, 2008.