UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                          Plaintiff,

                                                                                            DECISION AND ORDER

                                                                                            05-CR-6161L

                              v.

JOHN NICOLO,

                                          Defendant.
_____

      Defendant John Nicolo ("Nicolo") was convicted after trial, of multiple counts of conspiracy, fraud, money laundering and tax offenses. Immediately after the verdict, Nicolo was ordered detained pursuant to 18 U.S.C. § 3143 which directs that such a convicted person be detained pending sentence unless the Court finds "by clear and convincing evidence" that the person is not likely to flee or pose a danger to any person or the community.

      On application, Nicolo moved for release and on September 8, 2008, this Court granted release but with monetary and non-monetary conditions. Within a matter of hours, the Court received information that Nicolo had almost immediately violated the conditions of the Court's order not to contact Constance Roeder, her family or Roeder's attorneys.

      The Government submitted two letters, dated September 9 and September 10, 2008, detailing some of the violations and the Probation Department issued a Violation Report, dated September 10,

2008, recommending revocation of the recently-issued release order. The Court, therefore, issued an order on September 10, 2008, directing the Clerk to issue, and the Marshal to execute, a bench warrant for violations of release. Nicolo was arrested later that day after members of the United States Marshal's Service forcibly entered Nicolo's residence and found him hiding in the basement.

Under 18 U.S.C. § 3148, both the Government and defendant were heard as to whether Nicolo should remain detained pending sentence. In addition to the impermissible contact that was referenced in September, 2008, the Government brought to the Court's attention recent information that Nicolo had contacted a friend and requested that he retrieve a firearm from one of the family homes in Florida. Information about that was eventually communicated to the United States Marshal's Service who retrieved the firearm. Nicolo had previously been ordered to surrender all firearms to the United States Marshal and, therefore, failure to surrender this firearm violates prior orders of this Court entered during the trial itself requiring Nicolo to surrender firearms. Such an order was entered after proceedings on the Government's motion to revoke bail during trial because of threats Nicolo allegedly made to one of the prosecutors in the case.

In essence, Nicolo now claims that his violation of the Court's release order was occasioned by the distress suffered by him on news that his wife, co-defendant Roeder, intended to leave him and abandon the marital residence. Nicolo now claims that he has received psychological counseling and is taking medication to alleviate some of the serious psychological issues that he faced when Ms. Roeder left. The Government, on the other hand, claims that Nicolo is a danger to Ms. Roeder and that Nicolo is unlikely to abide by any condition or combination of conditions of release.

I find that defendant John Nicolo has violated the conditions of release by contacting, or attempting to contact, Ms. Roeder's family and her attorneys and by his efforts to obtain a firearm, when he had previously been ordered to surrender all firearms. Although Nicolo appears to be more stable now, it was not the case when this Court ordered his arrest on September 10, 2008. He had recently been taken to a hospital on a mental hygiene arrest, refused to open the door to U.S. Marshals who were armed with this Court's warrant and hid himself in the basement of the family residence. Nicolo demonstrated a singular lack of stability.

One can only speculate now what might trigger such unstable behavior. Regardless of defense counsel's opinion that Nicolo will now be compliant with the Court's orders, Nicolo has failed to comply with such orders in the past, and I think it is unlikely that he would abide by any condition or combination of conditions. History has shown that in many respects Nicolo does what he wants to do regardless of the opinion of others or of Court orders.

The Court has set dates for filing objections to the presentence report that is now virtually complete and, therefore, it is the expectation that the matter will proceed to sentencing in the relatively near future.

CONCLUSION

I find that defendant John Nicolo has violated the conditions of release previously set by this Court, and I revoke that release order. I take no action against the money posted as a condition of release. I find Nicolo's violation by clear and convincing evidence, and I believe that there is no condition or combination of conditions that will assure that Nicolo not pose a danger to any other

person, and I also find that Nicolo is unlikely to abide by any condition or combination of conditions of release.

    IT IS SO ORDERED.

                                              _____
                                                    DAVID G. LARIMER
                                              United States District Judge

Dated: Rochester, New York
       December 15, 2008.